UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

PETER MARTIN,

                                    Plaintiff,

      - against -

THE CITY OF NEW YORK, et al.,

                                    Defendants.

**STIPULATION AND ORDER OF CONFIDENTIALITY**

18-CV-3241 (CBA) (SJB)

-------------------------------------------------------------------------X

**WHEREAS**, defendants intend to produce certain documents pursuant to Rule 26 of the Federal Rules of Civil Procedure that they deem to be confidential or otherwise inappropriate for public disclosure; and

**WHEREAS**, defendants will only produce these documents if appropriate protection for their confidentiality is assured; and

**WHEREAS,** good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among the attorneys for plaintiffs and defendants, as follows:

    1.    As used herein, "Action" shall mean the pending action between plaintiffs and defendants captioned Peter Martin v. City of New York, et al., 18-CV-3241 (CBA) (SJB).

    2.    "Confidential Materials" shall mean (a) New York City Police Department ("NYPD") personnel records and information and (b) disciplinary-related records, and information, and investigations conducted by the NYPD, the Civilian Complaint Review Board,

or other agencies regarding the conduct of Members of the Service of the NYPD; (c) other documents and information that may in good faith, during the pendency of this litigation, be designated "Confidential Material" by the defendants or the Court, except that such documents and information shall not be designated "Confidential Materials" to the extent that they are obtained by plaintiffs pursuant to the New York Freedom of Information Law ("FOIL") or are otherwise publicly available.

3. Plaintiffs and plaintiffs' attorney shall not use Confidential Materials produced in discovery in this Action for any purpose other than the evaluation, preparation, presentation or settlement of claims or defenses in this Action.

4. Plaintiffs' attorney shall not disclose the Confidential Materials to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

    a. Disclosure may be made for the purpose of preparing or presenting a party's claims or defenses in the Action.

    b. Disclosure may also be made to an expert or consultant who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for trial of the Action, to a witness at a deposition or in preparation for testimony at a deposition or trial, or to the Court.

    c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court or to a witness at a deposition), plaintiffs' attorney shall provide each such person with a copy of this Stipulation and Order of Confidentiality, and such person shall consent in writing, in the form

annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution, defense, or settlement of the Action and not to make further disclosure of the Confidential Materials, except in testimony taken in the Action. Plaintiffs' attorney shall retain the signed consent and furnish a copy to defendants' attorney upon request at a deposition or immediately before trial, although the name of an expert that plaintiffs do not intend to call as a trial witness may be redacted from such a consent before it is produced.

5. Defendants or their counsel may designate deposition exhibits or portions of deposition transcripts as Confidential either by: (a) indicating on the record during the deposition that a question relates to Confidential Materials, in which event the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which event all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by City Defendants or that party's counsel.

6. If plaintiffs' attorney objects to the designation of any Confidential Materials as confidential, plaintiffs' counsel shall state such objection in writing to counsel for defendants, and counsel shall in good faith attempt to resolve such conflict. If the conflict cannot be resolved among counsel, plaintiffs' attorney shall, within 45 days of the initial objection, request that the Court remove the designation. Any such materials or information shall be

treated as Confidential until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

7. Any party seeking to file papers with the Court that incorporate Confidential Materials or reveal the contents thereof shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential Materials and shall indicate whether any other party objects to that request. No materials shall be filed under seal unless the Court has issued an order approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal.

8. Nothing in this Stipulation shall be construed to limit defendants' use of their own Confidential Materials in any manner.

9. This Stipulation shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

10. This Stipulation will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Within 30 days of the final disposition of this action, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof whether in the possession of plaintiffs or any other person receiving Confidential Materials pursuant to Paragraph "4" herein, shall be promptly returned to counsel for defendants, or, upon consent of counsel for defendants, destroyed.

11. The Court will retain jurisdiction over all persons subject to this Stipulation to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof. Additionally, the Court reserves the right, in its sole discretion, to modify this Stipulation and Order of Confidentiality at any time.

Dated: April 22, 2019
New York, New York

SCHLAM STONE & DOLAN LLP
*Attorneys for Plaintiff*
26 Broadway
New York, New York 10004
(212) 344-5400

By: _____
Thomas Kissane
4/18/19

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007
(212) 356-2423

By: _____
Matthew McQueen
Assistant Corporation Counsel
Special Federal Litigation Division

SO ORDERED:

_____
HONORABLE SANKEET J. BULSARA
UNITED STATES MAGISTRATE JUDGE

## EXHIBIT A

The undersigned hereby acknowledges that (s)he has read the Stipulation and Order of Confidentiality entered in the United States District Court for the Eastern District of New York in the action entitled <u>Peter Martin v. City of New York, et al.</u>, 18-CV-3241 (CBA) (SJB) and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this Action, and will not further disclose the Confidential Materials except in testimony taken in this Action.

_____           _____
Date                                              Signature

                                                  _____
                                                  Print Name

                                                  _____
                                                  Occupation