Thomas A. Kissane
Partner

212 612-1213
TKissane@schlamstone.com

**SCHLAM STONE & DOLAN LLP**

26 Broadway, New York, NY 10004
Main: 212 344-5400   Fax: 212 344-7677
schlamstone.com

January 28, 2020

**BY ECF**

Honorable Sanket J. Bulsara
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Peter Martin v. City of New York, et al.,* 18-cv-3241 (CBA) (SJB)

Dear Judge Bulsara:

We represent Plaintiff in the above-referenced action, and write in response to the Court's January 27, 2020 Order directing counsel for both Plaintiff and Defendants to show cause why they failed to appear for an in-person status conference scheduled for that day, and why sanctions should not be imposed.

I telephoned Chambers yesterday after receiving Mr. Manson's voicemail advising that both I and counsel for Defendants had missed the conference, and was directed to reserve my response for this submission.  To begin, I wish to convey to the Court my deep regret and extreme embarrassment at my failure to appear on Plaintiff's behalf.  I also wish to acknowledge the unnecessary burden that such behavior imposes on the Court and the court system.

The January 27, 2020 appearance was set by Order dated October 3, 2019, which extended the deadline for fact discovery to January 10, 2020.  On January 9, 2020, the Court granted the parties' joint request to further extend the discovery schedule, moving the date for completion of fact discovery to February 14, 2020.

My absence on January 27, 2020 is a product of my failure to note that the January 9, 2020 Order did not adjourn the January 27, 2020 status conference.  (Nor, of course, did any other directive of the Court.)  While I am not able to add any further justification for this error, I do wish to underscore my firm commitment to incorporate the lesson that it obviously carries regarding careful attention to professional obligations.

Fed. R. Civ. P. 16(f) provides, in relevant part: "(1) In General. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; . . .".

Honorable Sanket J. Bulsara
January 28, 2020
Page 2 of 2

The non-exhaustive factors to consider on "any motion for Rule 37 sanctions" include "willfulness, the efficacy of lesser sanctions, the duration of the period of noncompliance, and whether the noncompliant party was warned of potential consequences of noncompliance".  *Abante Rooter & Plumbing, Inc. v. Shore Funding Sols., Inc.,* 2019 WL 2436239, at *3 (E.D.N.Y. Mar. 6, 2019), *report and recommendation adopted*, 2019 WL 1986606 (E.D.N.Y. May 6, 2019).

We respectfully request that the Court decline to enter sanctions against Plaintiff.  This was the first time any counsel for Plaintiff failed to appear at a conference or otherwise did not comply with this Court's orders.  The non-appearance was inadvertent, not willful.  It was the result of an oversight in failing to appreciate that the January 27, 2020 conference had not been rescheduled upon extension of the January 10, 2020 discovery deadline, and Defense counsel appears to have made a similar error.  We have been diligently working on completing depositions in accordance with the extended deadline, having taken no fewer than 9 depositions, and appeared for no fewer than 18 Defendant depositions, in the last 6 weeks.  We recognize the seriousness of our failure to appear and have responded promptly to the Court's order to show cause.

Respectfully submitted,

Thomas A. Kissane

**Copies To:**
Matthew W. McQueen, Esq. (by ECF)
*Attorney for Defendants*