**SCHLAM STONE & DOLAN LLP**

Thomas A. Kissane
Partner
212 612-1213
tkissane@schlamstone.com

26 Broadway, New York, NY 10004
Main: 212 344-5400   Fax: 212 344-7677
schlamstone.com

April 2, 2021
**BY ECF FILING**
Hon. Sanket J. Bulsara
United States Magistrate Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Peter Martin v. City of New York, et al.,* 18-cv-3241 (CBA) (SJB)

Dear Judge Bulsara:

We represent Plaintiff in the above-referenced action, and write to respectfully request a brief extension, with Defendants' consent, of the schedule for expert discovery established by the Court's Order of March 18, 2021, due to pre-existing conflicts of Plaintiff's expert.

Defendants consent to Plaintiff's request with the understanding that Plaintiff will not withhold consent to any reasonable extension requests that Defendants may need to make in the future.[1] We wish to note that we have accommodated several such requests by Defendants and, even in response to Defendants' request that led to the March 18 Order, counter-proposed a schedule that would have allowed over 10 weeks from the end of the settlement conference to the date of Defendants' expert report. While we cannot agree to future requests without knowledge of the circumstances under which they might arise, we agree that we will be reasonable in response to any such requests, as we have been previously.

The March 18 Order provides that Plaintiff shall complete his examination by Defendants' expert by April 30, 2021, Defendants shall serve their expert reports by May 14, 2021, expert depositions shall be completed by May 28, 2021, and the parties shall take the first step in dispositive motion practice by June 28, 2021.

The Court will recall that, as noted above, we had sought a shorter schedule. However, the schedule sought by Defendants and established in the March 18 Order conflicts with our expert's pre-existing schedule. Specifically, Dr. Dahlman has a preplanned vacation

---

[1] Defendants asked us to state that they find this request puzzling given that Plaintiff refused to consent to Defendants' proposed expert discovery schedule on the basis that Plaintiff would suffer by the slightly longer expert discovery schedule that Defendants proposed to accommodate the medical needs of their expert.

Hon. Sanket J. Bulsara
United States Magistrate Judge
Eastern District of New York
April 2, 2021
Page 2 of 2 Pages

in early May, and substantial pre-existing professional obligations from her return through the end of that month.

We therefore asked Defendants consent to a two-week extension of the May 28 deadline for completing depositions, to June 11, with the deadline for dispositive motions to be adjusted accordingly to July 11. Defendants' counsel informed us that he would not agree to two weeks due to a scheduled trial on June 7, but would agree to an extension of four weeks, putting the date for expert depositions to be completed at June 25.

We respectfully request that this extension be granted, as the March 18 Order was designed to accommodate the schedule of Defendants' expert, who required several months, and this request seeks only four weeks, two of which were requested by Defendants' counsel.

We therefore request that the March 18 Order be amended to provide as follows: Plaintiff shall complete his examination by Defendants' expert by May 28, 2021,[2] Defendants shall serve their expert report by June 11, 2021, expert depositions shall be completed by June 25, 2021, and the parties shall take the first step in dispositive motion practice by July 26, 2021.

Respectfully submitted,

Thomas A. Kissane

cc: Matthew McQueen, Esq. (via email)

---

[2] Plaintiffs' examination by Defendants' expert has been scheduled for April 24-25, 2021. We include this in the extension request only to avoid a further application in the event of an unanticipated need to adjourn those dates.