**SCHLAM STONE & DOLAN LLP**

Thomas A. Kissane
Partner
212 612-1213
tkissane@schlamstone.com

26 Broadway, New York, NY 10004
Main: 212 344-5400   Fax: 212 344-7677
schlamstone.com

June 8, 2021

**BY ECF FILING**
Hon. Taryn A. Merkl
United States Magistrate Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Peter Martin v. City of New York, et al.,* 18-cv-3241 (CBA) (SJB)

Dear Judge Merkl:

We represent Plaintiff in the above-referenced section 1983 action, and write to respectfully request the Court's assistance in addressing a scheduling matter raised by a delay in production by defendants, and our inability reach defendants' counsel after multiple attempts.  As set forth below, Plaintiff requests that the Court direct Defendants to produce their expert report, which defense counsel agreed to provide by June 3 and on which basis the remaining expert discovery schedule was set.

By order dated April 3, 2021, Magistrate Judge Bulsara had directed that expert depositions be completed by June 25, 2021.  We had initially sought May 14, 2021, as the deadline for completing expert depositions, based on our concerns about defendants' delay in retaining an expert after an unsuccessful January 2021 mediation. *See* Dkt. 45.  Judge Bulsara granted defendants' requested date of May 28, 2021, by order dated March 18, and we were then obliged to request an extension to accommodate our expert's schedule, Dkt. 46, which the Court granted by the April 3 order.

In setting a schedule for completion of expert depositions by June 25, we advised defendants' counsel that we would require his expert's report at least two weeks in advance of her deposition.  Because Judge Bulsara's April 3 order did not require production of defendants' expert report until June 11, we asked to schedule her deposition for June 25.  We also offered to schedule it on an earlier date to be agreed upon, provided he confirm that the report would be produced a corresponding number of days in advance of June 11.  By email dated April 29, counsel represented that we would have the report by June 3, and we proceeded to schedule the deposition of defendants' expert for June 18, and the deposition of our own expert for June 22.  Defendants' representation regarding production of the report by June 3 was critical to the fixing of both of these dates, so that there would be sufficient time to digest the report of defendants' expert before deposing her or producing our own expert for deposition.

Hon. Taryn A. Merkl
United States Magistrate Judge
Eastern District of New York
June 8, 2021
Page 2 of 2 Pages

As of this filing, we have not received the report of defendants' expert that was to be provided by June 3, and have not been able to reach defendants' counsel.  I sent him an email on Sunday, June 6 and two yesterday (collected at attachment A), and left him several voicemails yesterday, asking urgently after this matter and urging him to call me whenever he got my message, regardless of the hour.

Defendants' counsel had previously advised that he had a trial commencing June 7, and I learned today that the New York City Law Department has experienced a disruption in its computer service.  While this does not explain counsel's failure to provide the report last week as agreed or contact me concerning the missed deadline, it may well explain his failure to respond to my emails.

Regardless of the reason for defense counsel's lack of communication, the fact that defendants have not produced their expert report prejudices our ability to adequately prepare for the upcoming expert depositions.  In an effort to preserve the present dates, I respectfully request that defendants' counsel be directed to provide me with a copy of his expert's report via email by close of business tomorrow, Wednesday June 9.  We reserve the right to seek other relief in the event the report is not produced or we are otherwise prejudiced.

                                          Respectfully submitted,

                                          Thomas A. Kissane

cc: Matthew McQueen, Esq. (via ECF)