

**THE CITY OF NEW YORK**

**GEORGIA M. PESTANA**
*Acting Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MATTHEW W. McQUEEN**
*Senior Counsel*
mmcqueen@law.nyc.gov
Phone: (212) 356-2423
Fax: (212) 356-3509

June 11, 2021

BY E.C.F.
Honorable Taryn A. Merkl
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   <u>Peter Martin v. City of New York, et al.</u>, 18 CV 3241 (CBA) (TAM)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Georgia M. Pestana, Acting Corporation Counsel of the City of New York, and represent the defendants in the above-captioned case. Defendants write in response to plaintiff's June 8, 2021 letter motion (Docket Entry No. 47) to compel production of defendants' expert report by June 9, 2021. Defendants were befuddled to learn that plaintiff filed such a motion, particularly given that the due date set by the Court for production of defendants' expert report is June 11, 2021. (See Docket Entry Dated 4/3/21) Significantly, it should be noted that the June 11, 2021 deadline for defendants to produce their expert report was requested by plaintiff in his April 2, 2021 motion for an extension of time to complete expert discovery. (See Docket Entry No. 46) Accordingly, defendants respectfully request that plaintiff's motion to compel be denied as a frivolous waste of judicial resources.

      By way of background, the Court's April 3, 2021 Order provided the parties two weeks after the production of defendants' expert report for plaintiff to depose defendants' expert; this timeline is exactly what plaintiff proposed in his April 2, 2021 request. There was neither a request nor a requirement that the report be provided to plaintiff at least a two-weeks before the date that defendants' expert would be deposed. It was not until counsel for the parties were scheduling depositions, that plaintiff's counsel, Thomas Kissane, stated that he needed at least two weeks from the date the report was produced to prepare for the deposition. As noted above, such a requirement was neither addressed nor contemplated by plaintiff's April 2, 2021 request for an extension of time to complete expert discovery nor the subsequent the Court's order on that request. (See Docket Entry No. 46 and Docket Entry Dated 4/3/21).

Ultimately, counsel for the parties scheduled Dr. Parker's deposition for June 18, 2021. Although it is unclear why Mr. Kissane wanted two weeks to review Dr. Parker's report before taking her deposition, the undersigned agreed, *as a courtesy*, that defendants would try to produce Dr. Parker's report to plaintiff two weeks in advance of her deposition. However, such statement of intention did not in any way change the June 11 deadline Ordered by this Court on April 3, 2021.

Defendants received Dr. Parker's report on Friday, June 4, 2021. Unfortunately, I was unable to review the report and send it out to Mr. Kissane before finishing work that day. Still trying to oblige Mr. Kissane, even though I was under no obligation to do so, I attempted to log into the work network over the weekend so that I could send the report out, but found that I was unable to do so. On Monday, June 7, I learned that there were issues with the Law Department's network, and that access to the network had been disabled for security purposes. Further complicating matters, Dr. Parker had left town on a family emergency after sending her report and was unavailable to send another copy of her report. On Tuesday, June 8, I attempted to call Mr. Kissane on his cell phone to explain the issue and let him know that it was unclear when access would be restored. However, Mr. Kissane did not answer, and I did not leave a message, as I believed it would be better to speak with Mr. Kissane directly. Later that same day, I received a call from Mr. Kissane on my cell phone to inform me that he had filed a motion to compel. Mr. Kissane said that he believed he had no choice but to move to compel because he tried e-mailing and calling my office number and did not receive a response. However, Mr. Kissane could not explain why he made no effort to reach me on my cell phone until after filing the motion, despite knowing that the Law Department had been experiencing problems with its computer network. This is particularly puzzling, given that Mr. Kissane has been aware that I have been working almost exclusively from home since the pandemic began and our telephonic communications since that time have been via my cellphone.

On June 9th, I finally regained access to e-mail, but still do not have remote access to other documents on the system. Fortunately, I have successfully obtained a copy of the expert report that I received from Dr. Parker last Friday. Once I file this letter, I intend to review the report and send it to plaintiff's counsel, which is by the Court ordered deadline.

Accordingly, for the reasons discussed herein, defendants respectfully request that the Court deny plaintiff's motion to compel as a frivolous waste of judicial resources and grant other and further relief as the Court deems just and proper.

Respectfully submitted,

/s *Matt McQueen*

Matthew W. McQueen
Special Federal Litigation Division

cc:   Thomas Kissane, Esq. (by E.C.F.)
      *Attorney for Plaintiff*